UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT L. LEACH,

    Plaintiff,                                                                No. 18-11814

v.                                                                 District Judge Paul D. Borman
                                                                          Magistrate Judge R. Steven Whalen

JOHN BALINT, ET AL.,

    Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE [Doc. #14]**

On June 7, 2018, Plaintiff Kurt L. Leach filed a *pro se* civil complaint [Doc. #1] alleging certain constitutional violations arising out of an alleged City of Pontiac ordinance violation and a fee imposed on Plaintiff for the City's removal of a mattress from the curb of his property. On September 4, 2018, Defendants filed an answer to the complaint, with affirmative defenses [Doc. #13]. Before the Court at this time is Plaintiff's Motion to Strike Defendants' Answers/Defenses to Complaint [Doc. #14].

Plaintiff first argues that the answer to the complaint, signed by Defendants' counsel, was not based upon counsel's personal knowledge and was not accompanied by a sworn affidavit. No matter. Fed.R.Civ.P. 11(a) provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Rule 11(a) also states that a pleading (and this would include an answer to a complaint) "be signed by at least one attorney of record in the attorney's name." It does not require that an attorney have personal knowledge of the events underlying the complaint; indeed, if a lawyer had personal knowledge of a case, he or she would more appropriately serve as a witness, not an attorney of record.

-1-

As to Plaintiff's request to strike Defendants' affirmative defenses, Fed.R.Civ.P. 12(f) provides that upon the motion of a party, or upon the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored. *Ameriwood Industries International Corp. v. Arthur*, 961 F.supp. 1078, 1083 (W.D.Mich.1997). Such motions are to be considered carefully and not freely granted; striking an affirmative defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Kelley v. Thomas Solvent Co.* 714 F.Supp. 1439, 1442 (W.D. Mich. 1989). An affirmative defense is insufficient "if, as a matter of law, the defense cannot succeed under any circumstances," and a motion to strike is appropriate "where it will eliminate spurious issues before trial and streamline the litigation." *Ameriwood*, 961 F. Supp. at 1083; *Kelley*, 714 F.Supp. at 1442.

Defendants have raise "failure to state a claim upon which relief can be granted" as an affirmative defense. Fed.R.Civ.P. 12(h)(1)(B)(ii) provides that a party waives defenses listed in Rule 12(b)(2)-(5) by failing to raise them in a responsive pleading. Therefore, if Defendants did not wish to waive a defense of failure to state a claim under Rule 12(b)(6), they were required to raise that as an affirmative defense. Much of the Plaintiff's motion to strike is more in the nature of a substantive response to a motion to dismiss. Because no such dispositive motion is currently pending, that discussion is for a later day.

The Plaintiff has offered no persuasive argument why Defendants' other affirmative defenses are improper, and the Court sees no reason why it should impose the

"drastic remedy" of striking those defenses.

Plaintiff's Motion to Strike Defendants' Answers/Defenses to Complaint [Doc. #14] is therefore DENIED.

IT IS SO ORDERED.

                                      s/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: October 12, 2018

---

## CERTIFICATE OF SERVICE

I hereby certify on October 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 12, 2018.

                                      s/Carolyn Ciesla
                                      Case Manager to
                                      Magistrate Judge R. Steven Whalen