UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT L. LEACH,

            Plaintiff,                          Case No. 18-11814

v.                                      Paul D. Borman
                                      United States District Judge

JOHN BALINT, ET AL.,              R. Steven Whalen
                                      United States Magistrate Judge

            Defendants.
_____/

## OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER (ECF NO. 21) AND (2) AFFIRMING MAGISTRATE JUDGE WHALEN'S OCTOBER 12, 2018 ORDER DENYING MOTION TO STRIKE (ECF NO. 17)

On October 12, 2018, Magistrate Judge R. Steven Whalen issued an Order denying Plaintiff's Motion to Strike Defendants Answers/Defenses to Complaint. (ECF No. 17, Order Denying Motion to Strike [Doc. # 14].)  On October 18, 2018, Plaintiff filed a "Motion for Objection to Magistrate's Report and Recommendation," which the Court construes as an Objection the Magistrate Judge's October 12, 2018 non-dispositive pretrial Order.  28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States

1

Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

"This standard plainly does not entitle a reviewing court to reverse the finding of the [Magistrate Judge] simply because it is convinced that it would have decided the case differently." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual

findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Plaintiff's "objection," like his underlying motion to strike, is more in the nature of a substantive response to a dispositive motion, which was not pending at the time Plaintiff filed his motion to strike the Defendants' answer and affirmative defenses to the Complaint. In fact Plaintiff's "objection" is largely a cut and paste of his motion to strike. Plaintiff reiterates his argument that Defendants' counsel lacked firsthand knowledge of the facts alleged in the Complaint, which Magistrate Judge Whalen correctly explained is not required under Fed. R. Civ. P. 11. Plaintiff has failed to demonstrate any portion of Magistrate Judge Whalen's October 12, 2018 Order that is either clearly erroneous or contrary to law. Accordingly, his objections

are OVERRULED and the Magistrate Judge Whalen's October 12, 2018 Order is

AFFIRMED.

IT IS SO ORDERED.


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  April 3, 2019